**Helen Patricia De Leon ANGEL, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 09–73380.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Filed July 28, 2015.

Xavier Rosas, Law Offices of Elsa Martinez, PLC, Los Angeles, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, David V. Bernal, Assistant Director, Yedidya Cohen, Trial, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

MEMORANDUM **

Helen Patricia De Leon Angel, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005) (en banc). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying De Leon Angel's timely motion to reopen removal proceedings. *See id.* at 1229–30.

We lack jurisdiction to consider the new contentions that De Leon Angel raises for the first time in her opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (no jurisdiction over issues or claims not presented in administrative proceedings below).

We reject De Leon Angel's request for inclusion in the court's mediation program.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.